IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERICO REYES VASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of Immigration & Customs Enforcement; MICHAEL BERNACKE, in his official capacity as ICE Field Officer Director and Warden in current custody of Petitioner, et al.,<br><br>Respondents. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:25-cv-1146<br><br>Chief District Judge Jill N. Parrish |

On December 19, 2025, Petitioner Federico Reyes Vasquez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), alleging he is being unlawfully confined in violation of the Constitution and laws of the United States. ECF No. 2.

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments.").

Although a federal district court does not generally have subject-matter jurisdiction to

review orders of removal issued by an immigration court, *see* 8 U.S.C. § 1252(a)(1), (g), it does have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); *see* U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, Petitioner alleges that he was subject to arrest and detention (and prospective removal) in violation of the Constitution and laws of the United States. The court therefore has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

Even if this court ultimately concludes that it lacks jurisdiction over this petition, the court nonetheless has power to act to preserve the status quo in the near term. A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give the court an opportunity to consider whether it has subject-matter jurisdiction—and, if so, to determine the merits of the habeas petition—the court may order the Respondents to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action. *See id.* at 294–95. That principle applies with even greater force where, as here, the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. **Order to Show Cause**

The Respondents are ORDERED TO SHOW CAUSE why the Petition for Writ of Habeas Corpus should not be granted by **Monday, December 29, 2025 at 5:00 p.m.** *See* 28 U.S.C. § 2243. The Petitioner's reply, if any, shall by filed by **Tuesday, December 30, 2025 at 5:00 p.m.** The parties are further ORDERED to appear before this court for a hearing on the petition on **Wednesday, December 31, 2025, at 11:00 a.m.** in Courtroom 8.200 of the Orrin G. Hatch United States Courthouse.

2. **Prohibition against Removal**

To preserve the court's jurisdiction pending a ruling in this matter, the court ORDERS that Petitioner shall not be removed from the United States unless and until the court orders otherwise. *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction"); *Garcia-Izquierdo v. Gartner*, No. 04 Civ. 7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25 Civ. 1935, ECF No. 9 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the court could address his claim); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

3. **Prohibition against Transfer**

In light of Petitioner's interests in participating in further proceedings before this court and in maintaining adequate access to legal counsel through these proceedings, the court further ORDERS that the Petitioner shall not be transferred except to a facility within this District, the District of Utah, absent further order of this court. *See Ozturk v. Trump*, No. 25 Civ. 374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); *Westley v. Harper*, No. 25 Civ. 229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19 Civ. 1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20 Civ. 22999, ECF No. 13 (S.D. Fla. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

4. **Service of Petition**

By **December 23, 2025, at 5:00 p.m.**, Petitioner's counsel is directed 1) to serve the Respondents with a copy of the petition and accompanying papers, along with a copy of this Order, by e-mail to the United States Attorney's Office for the District of Utah and by overnight mail;

and 2) to promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

To ensure that the relevant government officials have notice of this Order, the Clerk of Court is also directed to serve a copy of this Order, via email, on the United States Attorney for the District of Utah and the civil duty attorney for the United States Attorney's Office in this District.

DATED this 22nd day of December, 2025.

BY THE COURT:

_____
Jill N. Parrish
United States Chief District Judge