IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERICO REYES VASQUEZ,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of Immigration & Customs Enforcement; MICHAEL BERNACKE, in his official capacity as ICE Field Officer Director and Warden in current custody of Petitioner, et al.,<br><br>    Respondents. | **MEMORANDUM DECISION AND ORDER REQUIRING RESPONDENTS TO FACILITATE RETURN OF PETITIONER**<br><br>Case No. 2:25-cv-01146-JNP<br><br>Chief District Judge Jill N. Parrish |

On December 19, 2025, counsel for Petitioner Federico Reyes Vasquez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), alleging he was being unlawfully confined in violation of the Constitution and laws of the United States. ECF No. 2. On December 22, the court, seeking a response from Respondents before ruling on the petition and seeking to preserve its jurisdiction and the status quo during the pendency of proceedings, ordered Respondents not to remove Mr. Reyes Vasquez. ECF No. 4.

However, on December 23, Mr. Reyes Vasquez was nevertheless removed in direct violation of the court's Order. Respondents state that "while [United States Immigration and Customs Enforcement] was made aware of an order preventing removal by e-mail on December 22, 2025 at 4:21 p.m. Mountain Standard Time and again on December 23, 2025 at 10:21 a.m.,

[ICE Enforcement and Removal Operations] was not aware of the Court's order before it transferred and removed Petitioner." ECF No. 10 at 5. ICE does however state, via an affidavit by Matthew Randall, an ICE ERO Deportation Officer, that "ICE will coordinate with Petitioner's attorney to facilitate his return to the United States if Petitioner so chooses." ECF No. 10-1 ¶ 18.

At a hearing on this issue held on December 31, counsel for Respondents acknowledged the removal was in violation of the court's Order and asserted Respondents are working with petitioner's counsel to facilitate petitioner's return to the United States. Counsel for petitioner has represented to the court that Mr. Reyes Vasquez seeks to be returned at this point.

To ensure these proceedings are returned to the status quo relative to the December 22 Order, the court now requires Respondents to facilitate Mr. Reyes Vasquez's return to the United States.[1] *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025) (affirming a District Court's order requiring the Government to facilitate a deportee's return "to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador"); *D.V.D. v. U.S. Dep't of Homeland Sec.*, 784 F. Supp. 3d 401, 406 (D. Mass. 2025) (stating "[c]ourts, including district courts, regularly find that return is the appropriate remedy when a removal is found to be unlawful" and listing cases).

Furthermore, given this court's ruling in favor of petitioner today and in furtherance of returning these proceedings to the status quo pre-removal, the court finds that attorney's fees are warranted. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (holding that "habeas actions

---

[1] Petitioner's counsel informed the court at the December 31 hearing that petitioner is currently in central Mexico and may lack the funds to easily return to a port of entry. Therefore, the court holds that facilitating his return in this context means providing either transportation to a port of entry or financial support to reach a port of entry.

2

challenging immigration detention are unambiguously 'civil actions'" and that "[t]he EAJA authorizes the award of attorneys' fees to petitioners who prevail against the Government in such actions"). The court invites counsel for petitioner to submit an interim petition for attorney's fees relevant to ensuring Mr. Reyes Vasquez is returned to the United States, including a fee affidavit. A supplemental petition and affidavit may be submitted if additional fees are incurred relating to Mr. Reyes Vasquez's return.

## CONCLUSION AND ORDER

For the above reasons, the court ORDERS Respondents to take all immediate steps, including coordinating with Plaintiff's counsel, to facilitate the return of Mr. Reyes Vasquez to the United States by 21 days from this Order. Respondents must ensure that Mr. Reyes Vasquez is housed in a facility in which Respondents are able to make him available for further hearings on this matter. Respondents shall file a status report within ten days of this Order updating the court as to the status of Mr. Reyes Vasquez's return.

Signed December 31, 2025.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge