IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERICO REYES VASQUEZ,<br><br>　　Petitioner,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of Immigration & Customs Enforcement; MICHAEL BERNACKE, in his official capacity as ICE Field Officer Director and Warden in current custody of Petitioner, et al.,<br><br>　　Respondents. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND DENYING EMERGENCY MOTION**<br><br>Case No. 2:25-cv-01146-JNP<br><br>Chief District Judge Jill N. Parrish |

On December 19, 2025, Petitioner Federico Reyes Vasquez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), alleging he was being unlawfully confined in violation of the Constitution and laws of the United States. ECF No. 2. Later, after Mr. Reyes Vasquez was removed in violation of a court order issued on December 31, 2025, Mr. Reyes Vasquez filed an Amended Petition. ECF No. 11. Respondents now argue that the court lacks subject matter jurisdiction over the Amended Petition and that venue is improper. *See* ECF No. 31. For the following reasons, the court denies the motion to dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Reyes Vasquez, a citizen of Mexico, alleges he entered the United States in 2005 without inspection. ECF No. 11 ¶ 38. Respondents allege Mr. Reyes Vasquez first entered illegally

in 2003 and was removed in March of that year. ECF No. 10 at 2–3. Respondents further allege that around 18 months later, Mr. Reyes Vasquez was arrested in Utah. *Id.* at 4. He was then removed again based on a reinstated order of removal. *Id.*

Recently, on December 19, 2025, Mr. Reyes Vasquez was arrested by United States Immigration and Customs Enforcement ("ICE"). ECF No. 11 ¶ 38. Respondents assert that ICE detained Mr. Reyes Vasquez pursuant to a reinstated removal order, given his prior immigration history. ECF No. 10 at 2; ECF No. 21 at 3.

Counsel for Mr. Reyes Vasquez, believing he was being held in West Valley City, filed a habeas petition with this court, alleging Mr. Reyes Vasquez was being improperly detained without a bond hearing. ECF No. 1 at 10. That same day, as the court now knows, Mr. Reyes Vasquez was transported to Uinta County Detention Center in Wyoming. ECF No. 10 at 4; ECF No. 21 at 3.

On December 22, the court, seeking a response from Respondents before ruling on the petition and seeking to preserve its jurisdiction and the status quo during the pendency of proceedings, ordered Respondents not to remove Mr. Reyes Vasquez. ECF No. 4. Counsel for Mr. Reyes Vasquez states that he immediately emailed the December 22 Order to Respondents. ECF No. 11 ¶ 40.

However, on December 23, Mr. Reyes Vasquez was nevertheless removed in direct violation of the court's Order. He was first transferred to Florence, Arizona the morning of December 23 and then within a few hours was removed to Mexico. ECF No. 21 at 5.

Counsel for Mr. Reyes Vasquez subsequently filed two motions: a motion for sanctions and a motion for signing of I-918 Supplement B. ECF Nos. 8, 9. The sanctions motion asks the court to require Respondents to explain why they should not be held in civil contempt and sanctioned for violating the court's December 22 Order. ECF No. 8. The I-918 Supplement B motion seeks to

2

certify Mr. Reyes Vasquez as a victim of a qualifying U-Visa crime. ECF No. 9. This motion asserts that ICE's conduct constitutes witness tampering and obstruction of justice, as removal prevented Mr. Reyes Vasquez from attending his own habeas hearing. *Id.* at 2.

On December 29, Respondents filed a response to the court's Order to Show Cause. ECF No. 10. Respondents stated that "while [United States Immigration and Customs Enforcement] was made aware of an order preventing removal by e-mail on December 22, 2025 at 4:21 p.m. Mountain Standard Time and again on December 23, 2025 at 10:21 a.m., [ICE Enforcement and Removal Operations ("ICE ERO")] was not aware of the Court's order before it transferred and removed Petitioner." ECF No. 10 at 5. ICE did however state, via an affidavit by Matthew Randall, an ICE ERO Deportation Officer, that "ICE will coordinate with Petitioner's attorney to facilitate his return to the United States if Petitioner so chooses." ECF No. 10-1 ¶ 18.

Also on December 29, counsel for Mr. Reyes Vasquez filed an amended petition. ECF No. 11. The Amended Petition asks the court to order Mr. Reyes Vasquez released from any continued detention and to further order that Mr. Reyes Vasquez not be removed until the initial U-visa Bona Fide Determination can be adjudicated. ECF No. 11 at 19.

At a hearing on December 31, counsel for Respondents acknowledged the removal was in violation of the court's Order and asserted Respondents were working with Mr. Reyes Vasquez's counsel to facilitate Mr. Reyes Vasquez's return to the United States. *See* ECF No. 38, at 6:17–19 ("We have told him we will facilitate his return to the United States should he want to return to the United States."). Counsel for Mr. Reyes Vasquez represented to the court that Mr. Reyes Vasquez sought to be returned.

At the hearing, the court inquired if the petition had been filed in the correct district and if it was the Government's position that this court had jurisdiction over the petition. *Id.* at 9:24–10:3.

3

Counsel for Respondents stated at the time that Respondents were not contesting personal jurisdiction or venue. *Id.* at 10:4–9 ("We're not contesting personal jurisdiction and venue. The timing again is close but I don't have time to question the Court's jurisdiction, personal jurisdiction[,] venue over Mr. Vasquez for purposes of this habeas petition."); *id.* at 10:21–23 ("I don't have timing, we're not questioning the Court's jurisdiction, personal jurisdiction and venue over Mr. Vasquez.").

The court also made clear at the hearing that it sought to ensure the proceedings were returned to the status quo relative to the December 22 Order before addressing any substantive issues. *Id.* at 3:20–4:1. Accordingly, the court ordered Respondents to facilitate Mr. Reyes Vasquez's return to the United States within 21 days of the hearing. It further held that facilitating his return in this context meant providing to Mr. Reyes Vasquez either transportation to a port of entry or financial support to reach a port of entry. ECF No. 13.

On January 9, 2026, Respondents submitted a status report. ECF No. 19. At that point, little progress had been made on Mr. Reyes Vasquez's return. On January 19, Respondents filed their response to the Amended Petition, and within that response, they included a motion to dismiss. ECF No. 21. Respondents had evidently changed their position, arguing against the court's December 31 Order requiring them to facilitate Mr. Reyes Vasquez's return. *Id.*

Despite Respondents' change of position, Respondents appeared to nevertheless be working to facilitate Mr. Reyes Vasquez's return in compliance with the court's Order. On January 21, Respondents filed a stipulated motion for extension of time to facilitate Mr. Reyes Vasquez's return. ECF No. 25. Respondents asserted that: "Petitioner's counsel advised Respondents and undersigned counsel that Petitioner can present himself at the Nogales [Port of Entry] on February 2, 2026, at which time it is anticipated he will be turned over to ICE ERO and detained within the

4

United States. He will be transferred to a detention location convenient to this Court in accordance with the Court's Order." ECF No. 25 at 2. The court granted the extension, now requiring Mr. Reyes Vasquez's return by February 5, 2026. ECF No. 26.

On January 22, in their response to the motion for sanctions, Respondents raised for the first time arguments challenging the court's "venue jurisdiction." ECF No. 27; ECF No. 29 (amended response). Respondents assert that (1) Mr. Reyes Vasquez was transferred to the Uinta County Detention Center in Wyoming by 1:37 p.m. on December 19; and (2) Mr. Reyes Vasquez's original petition was filed on 5:13 p.m. on December 19. ECF No. 29 at 11. This timing, according to Respondents, would render venue improper in this court.

On January 24, Respondents filed a motion to dismiss for lack of jurisdiction. ECF No. 31. On January 26, Counsel for Petitioner filed an "Emergency Order to Enforce Court Orders and Compel Immediate Issuance of Parole Documentation." ECF No. 36. On February 4, 2026, the Government filed a response to the emergency motion, informing the court that arrangements have been made for Mr. Reyes Vasquez to be returned to the United States by February 6. ECF No. 41.

## LEGAL STANDARD

Federal district courts "are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "The plain language of the habeas statute . . . confirms the general rule that for habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443.

## ANALYSIS

Across two separate motions to dismiss, Respondents raise a variety of arguments in an effort to avoid complying with the court's December 31 Order. Though Respondents have recently

5

informed the court that it will have complied with the Order by February 6, the court nevertheless addresses the motions. The arguments raised invoke, at times in a muddled fashion, subject matter jurisdiction and venue, and the court addresses each in turn.

However, before diving into the merits of the arguments, the court finds it worthwhile to briefly describe how subject matter jurisdiction, personal jurisdiction, and venue differ. It appears to the court that Respondents' briefing, viewed in the most favorable light, confuses these principles repeatedly.

"'Subject matter jurisdiction defines the court's authority to hear a given type of case.' '[I]t represents the extent to which a court can rule on the conduct of persons or the status of things.'" *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092–93 (10th Cir. 2017). It cannot be waived, it can be challenged any time prior to final judgment, and district courts are obligated to address their own subject matter jurisdiction *sua sponte*. *Id.* at 1093. The general habeas statute, 28 U.S.C. § 2241, grants federal courts subject matter jurisdiction over writs of habeas corpus in which a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291–92 (10th Cir. 2001).

The doctrine of personal jurisdiction represents the limits to a "court's power to exercise jurisdiction over a defendant." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Objections to personal jurisdiction can be waived. Fed. R. Civ. P. 12(b)(h). Within the habeas context, the so-called "immediate custodian rule" is often viewed as a matter of personal jurisdiction. *See Dufur v. United States Parole Comm'n*, 34 F.4th 1090, 1097 (D.C. Cir. 2022) ("The immediate custodian rule implicates personal jurisdiction, not subject matter jurisdiction; likewise, the requirement to file in the district of confinement concerns venue, not subject matter jurisdiction."). The rule states that "the proper respondent" of a habeas petition "is the warden of

6

the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *id.* at 439 (reaffirming the rule for challenges to present physical confinement).

Lastly, "[v]enue is defined as the appropriate district court in which to file an action." *Presidential Hosp., LLC v. Wyndham Hotel Grp., LLC*, 333 F. Supp. 3d 1179, 1206 (D.N.M. 2018) (quoting *Whiting v. Hogan*, 855 F. Supp. 2d 1266, 1282 (D.N.M. 2012)). Like objections to personal jurisdiction, objections to venue can be waived. Fed. R. Civ. P. 12(b)(h). Within the habeas context, the so-called "district of confinement" rule is often viewed as a matter of venue. *See Dufur*, 34 F.4th at 1097 (D.C. Cir. 2022). The rule states that a writ of habeas corpus is "issuable only in the district of confinement." *Padilla*, 542 U.S. at 443.

With those three concepts delineated, the court turns to the arguments at hand.

I.  **Subject Matter Jurisdiction**

In Respondents' January 19 response to the Amended Petition, Respondents request that the court "dissolve the restraining order of December 19, 2025, prohibiting Respondents from removing Petitioner from the United States or transferring him from the District of Utah, and rescind the parts of the Order of December 31, 2025, requiring Respondents to facilitate the return of Petitioner to the United States and imposing attorney's fees and costs on Respondents."[1] ECF No. 21 at 1–2. As a preliminary matter, the court notes that the local rules prohibit Respondents from making a motion or cross-motion within their response brief; any motion must be separately

---

[1] The court notes that the court's December 31 Order requires that Respondents house Mr. Reyes Vasquez "in a facility in which Respondents are able to make him available for further hearings on this matter." This order superseded the court's instructions that Mr. Reyes Vasquez not be transferred out of the District of Utah.

filed. DUCivR 7-1(a)(3). Ordinarily, the court would not address arguments made within an improperly filed motion. However, because the arguments relate to subject matter jurisdiction, the court *sua sponte* considers them.

Respondents argue that the court "lacks jurisdiction" to consider the Amended Petition because Mr. Reyes Vasquez is no longer in custody, because the claims are now allegedly moot, and because the claims allegedly do not challenge the detention of Mr. Reyes Vasquez. ECF No. 21 at 9. Each of these arguments relate to the court's subject matter jurisdiction.

With respect to the first argument, Respondents assert that habeas relief is only available when an individual "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). Because Mr. Reyes Vasquez is no longer in active custody—having been improperly removed—Respondents argue this court no longer has subject matter jurisdiction. Respondents' argument appears to ask the court to sanction a strategy in which ICE and the Government are able to wash their hands of a case and destroy a court's subject matter jurisdiction as long as they shuttle a petitioner out of the country, even if that removal is in violation of a court order. In other words, the Government seeks to be able to benefit from the conditions that they unilaterally and improperly created.

The court rejects this argument. In fact, Respondents undercut their own argument as well. They note that the "in-custody" requirement is satisfied if the petitioner filed the habeas petition before being removed. *Mendoza v. Jeffers*, 62 F. App'x 866, 867–68 (10th Cir. 2003) (unpublished) ("Because Mendoza was still incarcerated when he filed his habeas petition, the 'in custody' provision of § 2241 was satisfied."); *Xing Jian Yu v. Sessions*, No. 6:17-CV-06699-MAT, 2019 WL 4258892, at *1 (W.D.N.Y. Sept. 9, 2019) (holding the same); *So. V. Reno*, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (holding the same); *Gonzalez v. I.N.S.*, No. 01 CIV. 6229 (HB), 2002 WL

8

31444952, at *3 (S.D.N.Y. Oct. 31, 2002) (holding the same). That was the case here. *Cf. United States v. Camick*, No. 17-3006, 2017 WL 11811332, at *3 (10th Cir. May 22, 2017) (holding a petitioner was not in custody when they filed their § 2255 motion *after* removal).

In response, Respondents contend that because the original petition was allegedly withdrawn, and its detention-related claims were abandoned, there was a clear break in the litigation that renders Mr. Reyes Vasquez's prior custody insufficient to maintain subject matter jurisdiction. The court also rejects this argument. While counsel for Mr. Reyes Vasquez did file a motion to withdraw the petition, the court never granted the motion. In fact, the court granted only a later motion *to withdraw* the motion to withdraw. *See* ECF No. 16. Further, while the parties do not point the court to any case law directly addressing the issue, the court does not agree that amending a petition, even when adding new claims, resets the clock in relation to the in-custody requirement. As explained below, the court views the Amended Petition as still requiring the court to examine the basis for Mr. Reyes Vasquez's initial detention.

The court next considers whether the petition is moot. A non-citizen must "continue to have a personal stake in the outcome" of his case "in order to satisfy the case or controversy requirement of Article III, § 2 of the Constitution." *Mendoza v. Jeffers*, 62 F. App'x 866, 867 (10th Cir. 2003) (unpublished) (citation modified). A deportation does not render an individual's § 2241 moot if there are "sufficient collateral consequences." *See Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003) (unpublished) (citing *Tapia Garcia v. I.N.S.*, 237 F.3d 1216, 1217–18 (10th Cir. 2001)). The Tenth Circuit has suggested that deportation alone satisfies the collateral consequence requirement. *See Jeffers*, 62 F. App'x at 868 (unpublished).

More fundamentally, the court finds that the case is not moot because the court ordered Respondents to facilitate Mr. Reyes Vasquez's return to the United States, which Respondents

agreed to do. The substantive issues within the Amended Petition remain live, and the court has stated it will rule on them once Mr. Reyes Vasquez is returned. Despite Respondents' arguments that Mr. Reyes Vasquez's Amended Petition has no merit, the petition remains active until this court rules otherwise. *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025) (affirming a District Court's order requiring the Government to facilitate a deportee's return "to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador"); *D.V.D. v. U.S. Dep't of Homeland Sec.*, 784 F. Supp. 3d 401, 406 (D. Mass. 2025) (stating "[c]ourts, including district courts, regularly find that return is the appropriate remedy when a removal is found to be unlawful" and listing cases).

The court acknowledges, however, the fact that Mr. Reyes Vasquez has amended his petition adds a wrinkle to the analysis. The substance of his claims has significantly changed. Respondents argue that Mr. Reyes Vasquez has abandoned his detention-related claims and that his new claims attempt to challenge only his removal rather than his continued detention. ECF No. 21 at 11. Respondents thus argue those claims are not cognizable under habeas, depriving the court of subject matter jurisdiction and rendering the case moot. *Id.*

At this point, the court does not read the Amended Petition to challenge only his removal. To be sure, Mr. Reyes Vasquez requests that the court restore the status quo and prevent his removal while he pursues a U-visa. ECF No. 11 at 6. But he also argues that his "continued detention or exclusion" would "compound the original constitutional injury" relating to his right to access the courts and his right to petition the government. *Id.* at 15, 16. He further argues that his continued detention would contravene the Immigration and Nationality Act's remedial framework. *Id.* at 18. Ultimately, Mr. Reyes Vasquez is in part arguing that when he is returned to the United States, his continued detention will be unlawful. *See* ECF No. 22 at 9. These claims thus require the court to

consider whether the asserted basis for his initial detention was valid and whether continued detention under that basis would be unlawful. Though these types of claims are not always meritorious, they are cognizable under habeas. *See Dimmick v. Bourdon*, 769 F. App'x 616, 618–19 (10th Cir. 2019) (unpublished) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." (citation modified)); *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (unpublished) (stating "district courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention"); *Francois v. Garcia*, 509 F. Supp. 3d 668, 671 (S.D. Tex. 2020) ("The 'instructive principle' is that challenges to the fact or duration of confinement are properly brought under habeas . . . ."). The court retains jurisdiction until it determines those claims to be insufficient to sustain jurisdiction. *See Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1272 (10th Cir. 2018) (stating "courts 'always have jurisdiction to determine [their] jurisdiction'").

For the reasons above, the court finds that it has subject matter jurisdiction over the Amended Petition.

**II.   Venue**

In their filed motion to dismiss for lack of jurisdiction, Respondents argue that because Mr. Reyes Vasquez was already in the District of Wyoming when the original petition was filed with this court, "the court never had jurisdiction over this case and it should be dismissed." ECF No. 31 at 2.

Respondents are vague as to the basis of this jurisdictional argument. Respondents first cite to the Supreme Court's language in *Rumsfeld v. Padilla*, which states that "[t]he plain language of the habeas statute . . . confirms the general rule that for habeas petitions challenging present

physical confinement, jurisdiction lies in only one district: the district of confinement." 542 U.S. 426, 443 (2004). They then point to 28 U.S.C. § 1631, which notes that if a court lacks jurisdiction—traditionally, subject matter jurisdiction—it shall transfer the action. *See* 28 U.S.C. § 1631. The court would be thus left to conclude that Respondents' motion is attempting to litigate subject matter jurisdiction, if not for Respondents' invocation of the district-of-confinement rule.

Courts have held that the district-of-confinement rule is not a limitation on subject matter jurisdiction, but rather a venue consideration. *See Khalil v. Joyce*, 771 F. Supp. 3d 268, 287 (S.D.N.Y. 2025); *Dufur v. United States Parole Comm'n*, 34 F.4th 1090, 1097 (D.C. Cir. 2022) ("The immediate custodian rule implicates personal jurisdiction, not subject matter jurisdiction; likewise, the requirement to file in the district of confinement concerns venue, not subject matter jurisdiction."); *see also Padilla*, 542 U.S. at 434 n.7 ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court."); *Al-Pine v. Richerson*, 763 F. App'x 717, 721 n.4 (10th Cir. 2019) (unpublished) (agreeing that jurisdiction with respect to the district-of-confinement rule is not a question of subject matter jurisdiction).

While the actual motion to dismiss does not mention venue, Respondents' related briefing responding to the motion for sanctions sheds light on the actual, or at least the more proper, basis for their argument. In their response to the motion for sanctions, Respondents assert that the court's original December 22 Order was valid "only if the Court had venue jurisdiction at the time the petition was filed." ECF No. 29 at 11. They then note that "Respondents' counsel did not have sufficient information to challenge venue at the December 31, 2025, OSC hearing." *Id.*

Despite this response more directly invoking venue, Respondents' argument remains confused, perhaps explaining their self-styled "venue jurisdiction" argument. But the reality that

12

Respondents' argument is one of venue, rather than subject matter jurisdiction, is critical for three reasons. First, a court's orders are binding and valid even if venue is later determined to be improper. *See In re AP Indus., Inc.*, 117 B.R. 789, 797 (Bankr. S.D.N.Y. 1990) ("It is an axiom of the first order that venue statutes are not jurisdictional. For this reason, although a subject matter jurisdiction objection cannot be waived, a venue objection can be. Consequently, a court can have subject matter jurisdiction to issue orders and judgments even if venue is improper." (internal citations removed)); *Fressadi v. Glover*, No. CV-16-03260-PHX-DJH, 2017 WL 5705830, at *4 (D. Ariz. Sept. 14, 2017) ("Because venue is not jurisdictional, [the first court] had jurisdiction to render rulings in the case unless, and until, it ordered a change of venue. . . . All rulings prior to the change in venue are valid."). Respondents' arguments that the court's December 22 Order was invalid thus lacks merit.

Second, if a court determines venue is improper after the issue is properly raised, it maintains the discretion to either transfer the case or dismiss the case, discretion that the court has yet to exercise here. Third, objections to improper venue may be deemed waived. Fed. R. Civ. P. 12(b).

Mr. Reyes Vasquez argues that Respondents waived any objections to venue, both at the December 31 hearing and based on their litigation conduct. ECF No. 30 at 2–3. Respondents disagree. They assert that they did not explicitly waive venue at the December 31 hearing; rather, Respondents' counsel only "advised that he did not have sufficient information at the time to challenge jurisdiction." ECF No. 31 at 4.

Courts generally agree that the district-of-confinement rule, as a venue condition, can be waived. *See, e.g.*, *Padilla*, 542 U.S. at 452 (Kennedy, J., concurring) ("Because the immediate-custodian and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections

to the filing of petitions based on those grounds can be waived by the Government."); *Dufur v. United States Parole Comm'n*, 34 F.4th 1090, 1096 (D.C. Cir. 2022) ("But as this court has held, and as the Supreme Court has strongly suggested, the immediate custodian rule and the habeas venue rule are waivable."); *Surratt v. United States*, No. 3:04-CR-250-19, 2014 WL 2013328, at *4 (W.D.N.C. May 16, 2014), *aff'd*, 797 F.3d 240 (4th Cir. 2015) (allowing the Government to waive objections to a habeas petition not filed in the district of confinement); *Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) ("Thus, any challenge to habeas proceedings based on this language in § 2241(a) is waived if not timely asserted.").

"A habeas respondent thus forfeits" the venue defense "by failing to raise [it], and a district court, *sua sponte*, may properly decline to enforce [it]." *Dufur*, 34 F.4th at 1097. It is appropriate, then, to consider when a Respondent is deemed to have failed to raise venue as a defense such that the objection is waived. Of course, in traditional civil litigation, Federal Rule of Civil Procedure 12 requires any motion asserting an improper venue defense to be made within a motion filed prior to the responsive pleading or within the responsive pleading itself. Fed. R. Civ. P. 12(b). In a similar fashion, courts have considered venue arguments waived in the habeas context if Respondents did not challenge venue in their answer to the petition. *See, e.g.*, *Efren Contreras Hernandez, Petitioner, v. Kristi Noem, Sec'y Dep't of Homeland Sec., et al., Respondents.*, No. 5:25-CV-03453-SSS-BFM, 2026 WL 166902, at *1 n.1 (C.D. Cal. Jan. 16, 2026); *Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004) (ruling "the defense of improper venue was forfeited when it was omitted from the custodian's opening brief").

Having determined that the district-of-confinement rule can be waived, and when waiver is generally held to apply, the court now examines if Respondents in this case waived their

14

objections to venue. The court first looks to what was said at the December 31 hearing—the importance of which the parties dispute:

THE COURT:

    So just to be clear, though, there -- is it the position of the United States that the petition was filed in the correct district and that this Court in fact has jurisdiction over this petitioner and this writ?

BY MR. FERRE, COUNSEL FOR RESPONDENTS:

    We're not contesting personal jurisdiction and venue. The timing again is close but I don't have time to question the Court's jurisdiction, personal jurisdiction venue over Mr. Vasquez for purposes of this habeas petition.

BY THE COURT:

    The last time that we had one of these, apparently ICE had taken him across the border to Wyoming within 30 minutes of -- but before the petition was filed and so I had no jurisdiction but that is not the case here.

BY MR. FERRE:

    I don't have –

BY THE COURT:

    To your knowledge.

BY MR. FERRE:

    Sorry, Your Honor. I don't have details to suggest Your Honor doesn't have jurisdiction. The same process followed here is that when he was detained, he was then processed here locally and then immediately transferred to Wyoming. I don't

>have timing, we're not questioning the Court's jurisdiction, personal jurisdiction and venue over Mr. Vasquez.

The court finds that Respondents did not unambiguously waive their venue defense here. While Mr. Ferre did not explicitly limit his statements that he was not contesting venue to apply only to the December 31 hearing, it is reasonable to view his statements as only informing the court that he did not yet have the necessary information to determine if a venue objection was proper.

What is unambiguous, however, is Respondents' failure to raise a venue objection in any of their responsive pleadings. Respondents filed their answer to the original petition on December 29 and their answer to the Amended Petition on January 19, and neither answer raises any objection to venue or personal jurisdiction. ECF Nos. 10, 21. That alone supports a finding that the objection is waived.

The court also finds that allowing a belated objection is not warranted. Respondents are the best positioned party to acquire the relevant information relating to venue. After all, it was the Government that transferred Mr. Reyes Vasquez from Utah to Wyoming (then back to Utah, then to Arizona, then to Mexico). The transfer to Wyoming took place on December 19. The court gave Respondents until December 29—ten days after the petition was filed—to submit their responsive pleading. If they needed additional time, they could have filed a motion for an extension. *See* 28 U.S.C. § 2243 (allowing for extensions up to twenty days for good cause). After the hearing on December 31, Respondents let another *twenty-two days* pass before they first raised any objection to venue. In that time, Respondents filed two unrelated motions for extensions of time, two status reports, and their second responsive pleading (responding to the Amended Petition and improperly

16

attempting to move for a motion to dismiss). Respondents have been litigating this petition as if venue is proper, and the court finds that they have waived any objection to venue.

## CONCLUSION AND ORDER

With the court having determined Respondents' arguments fail, Respondents must comply with the court's binding December 31 Order to Facilitate Mr. Reyes Vasquez's return. As this court has made clear to both parties, the principal issue facing the court is a question of process. Mr. Reyes Vasquez filed a habeas petition before this court, and this court temporarily ordered him not to be removed from the United States while it considered his claims. If Respondents had adhered to the Order, it is more than likely that the court would have by now ruled on the merits of the petition. Instead, Respondents acted in violation of the Order, and the status quo has not yet been restored.

Given this history, it is incumbent upon Respondents to remedy these procedural violations before the case can proceed. The court is heartened to hear that Respondents aim to soon finish facilitating Mr. Reyes Vasquez's return. But as is worth underscoring, when a court exercises jurisdiction over a petitioner's claims, Respondents may not "deport first, litigate later." Whatever the merits of the claims, Mr. Reyes Vasquez had a right to due process and judicial review, and he now is seeking to vindicate that right.

For the above reasons, the court hereby ORDERS that Respondents' Motion to Dismiss is DENIED. ECF No. 31.

Finally, given this Order and that Respondents have filed briefing asserting Mr. Reyes Vasquez will be returned to the United States by February 6, the court DENIES Mr. Reyes Vasquez's Emergency Motion, ECF No. 36, and extends the deadline to facilitate Mr. Reyes Vasquez's return to February 6, 2026.

Signed February 5, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge