IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERICO REYES VASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of Immigration & Customs Enforcement; MICHAEL BERNACKE, in his official capacity as ICE Field Officer Director and Warden in current custody of Petitioner, et al.,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Case No. 2:25-cv-01146-JNP<br><br>Chief District Judge Jill N. Parrish |

On March 2, 2026, Petitioner filed a motion for attorney's fees and costs. ECF No. 57. For the reasons below, the court grants the motion.

## BACKGROUND

On December 31, 2025, the court ordered Respondents to facilitate the return of Petitioner to the United States after Respondents removed him in direct violation of a court order. ECF No. 13. As part of that order, the court ruled that Petitioner was entitled to attorney's fees and either "transportation to a port of entry or financial support to reach a port of entry." *Id.* at 2 n.1; *see Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (listing the requirements for a fee award to be "'(1) [the] plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially

justified'; and (3) there are no special circumstances that make an award of fees unjust'"). The court then invited counsel for Petitioner to submit a petition for attorney's fees relevant to facilitating Petitioner's return, including a fee affidavit. ECF No. 13 at 3.

On March 2, 2026, counsel for Petitioner submitted the motion for attorney's fees. ECF No. 57. Respondents did not file any response or opposition. *See* DUCivR 54-1(a)(2)(B) (noting a response must be filed within 14 days).

## LEGAL STANDARD

"Once a [petitioner] has satisfied the requirements for entitlement to an EAJA fee award, the court employs the lodestar method to determine a reasonable fee." *Ernest W. v. O'Malley*, No. 2:23-CV-00247-JCB, 2024 WL 1912461, at *2 (D. Utah Apr. 30, 2024) (citing *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 161 (1990)). "Under that method, 'the district court must calculate the 'lodestar,' which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate. The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates.'" *Ernest W.*, No. 2:23-CV-00247-JCB, 2024 WL 1912461, at *2 (citing *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000)).

With respect to costs, 28 U.S.C. § 1920 sets out specific items that may be recovered. *See* 28 U.S.C. § 2412(a)(1); *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1156 (10th Cir. 2006) (holding that "those costs recoverable against the United States under 28 U.S.C. § 2412(a)(1) are those listed in § 1920 of that title").

## DISCUSSION

Petitioner's counsel requests fees for 10 hours of work at an hourly rate of $249.00, which counsel alleges "reflects the CPI-adjusted EAJA rate regularly awarded in the District of Utah for

work performed in 2025–2026." ECF No. 57 at 5. The court finds both the hours and the hourly rate to be reasonable. *See, e.g.*, *Y.M.M., Petitioner v. Cammilla Wamsley et al, Respondent.*, No. 2:25-CV-02075, 2026 WL 809581, at *2 (W.D. Wash. Mar. 24, 2026) (finding the applicable statutory rate for attorneys, adjusted for cost of living, to be $258.46 per hour). Following the lodestar method, the court accordingly awards attorney's fees as follows:

- Alec S. Bracken—10.0 hours at $249.00 per hour = $2,490.00.

The court also awards Petitioner a reimbursement for the bus ticket he purchased to reach a port of entry. The court previously ordered that Respondents had to provide either "transportation to a port of entry or financial support to reach a port of entry." ECF No. 13 at 2 n.1. Based on correspondence provided to the court, Respondents elected for Petitioner to seek reimbursement. *See* ECF No. 44-2 at 6 ("You will need to submit a request for reimbursement of reasonable costs for your client's travel to the border."). Accordingly, the court awards the reimbursement amount of $147.46.[1]

## CONCLUSION AND ORDER

The motion for attorney's fees and reimbursement for facilitating Petitioner's return is GRANTED. ECF No. 57. Petitioner is awarded a total of $2,637.46.

DATED May 7, 2026.

---

[1] This reimbursement may also be construed as an allowed cost under the EAJA. Section § 1920 permits awarding costs for "(3) fees and disbursements for printing and witnesses." 28 U.S.C. § 1920. While Petitioner ultimately did not testify as a witness at the hearing on the petition, his presence was mandated. *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").

BY THE COURT

Jill N. Parrish
United States Chief District Judge